IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEESHA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-7034 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MATTHEW LYONS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Keesha Smith ("Plaintiff"), a former employee of the Chicago Public Schools ("CPS"), brings suit against the Board of Education of the City of Chicago ("Board") and CPS employees Matthew Lyons, Rolando Hernandez, and Courtney Calhoun (collectively with the Board, "Defendants") for Title VII employment discrimination.[1] This matter is before the Court on Defendants' motion to dismiss for failure to state a claim [16]. For the reasons explained below, the Court grants Defendants' motion [16]. Plaintiff is given until August 6, 2018 to file an amended complaint, to the extent she is able to do so consistent with this opinion.

## STATEMENT

### I. Background

The following facts are alleged in Plaintiff's complaint [9] and assumed to be true for purposes of Defendants' motion to dismiss. See *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). From August 2016 until her termination on April 5, 2017, Plaintiff was employed as a manager in CPS's School Support Center ("SSC"). According to the documents attached to Plaintiff's complaint, CPS subjected Plaintiff to disparate treatment and discriminated against her because of her sex. In particular, Plaintiff alleges that her director, Courtney Calhoun (a male) took male employees out to lunch, let them leave work early without notifying their manager, and refused to respond to female employees. Plaintiff filed a complaint with CPS, but no action was taken. Plaintiff also alleges that another former employee, Jaqueline Jones, was harassed by Calhoun. See [9] at 7. According to Plaintiff, in March 2017 she informed Matthew Lyons, the Director of Human Resources, and Rolando Hernandez, her former director, that she could provide details about an office bullying issue that she was also having with Calhoun.

---

[1] The complaint [9] names CPS as a defendant, but CPS is not a viable entity which may be sued. The proper defendant is the Board. See 105 ILCS 5/34-2; *Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1060 n.1 (7th Cir. 2012). The Court directs the Clerk of Court to amend the caption to replace Chicago Public Schools with the Board of Education for the City of Chicago.

1

According to Plaintiff, Lyons and Hernandez retaliated against her by placing her on an unsubstantiated performance improvement plan ("PIP") in an effort to create a pretext for terminating her. Plaintiff asserts that employees are usually allowed time for improvement after receiving a PIP, but she was terminated only two days after receiving her PIP, on April 5, 2017.

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") on May 19, 2017 (the "Charge"). The Charge contains the following "Statement of Harm": "CPS subjected me to disparate treatment and discriminated against me because of my sex, female, compared to similarly situated male employees. Throughout my employment with the SSC within CPS, a CPS director favored similarly situated male employees over myself and other female employees. The director took these male employees out to lunch, let them leave work early without notifying their manager, and refused to address female employees, only responding to male employees. For example, on one occasion the director interrupted a meeting I was having with two other male managers. Rather than apologize for interrupting or acknowledging me, the director spoke only to the two male managers in the room. I filed a formal complaint; however, CPS took no remedial action. Instead, CPS retaliated against me as three weeks later I was placed on an unsubstantiated performance improvement plan, in an effort to create a pretext for my termination. Despite placement on the PIP usually allowing time for improvement, CPS terminated my employment after just two days." [9] at 41.

The EEOC issued Plaintiff a notice of right to sue on June 29, 2017 ('Notice"). See [9] at 40. The Notice informed Plaintiff that the EECO was terminating its processing of her charge and that her "lawsuit under Title VII *** **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." *Id.* (emphasis in notice). Plaintiff's complaint alleges that she received the Notice on June 29, 2017. Plaintiff filed a complaint in this Court on September 28, 2017, alleging claims for Title VII sex discrimination and retaliation against CPS, Calhoun, Lyons, and Hernandez. Currently before the Court is Defendants' motion to dismiss the complaint for failure to state a claim.

## II. Legal Standard

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez*, 877 F.3d at 275 (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

### III. Analysis

#### A. Timeliness

"A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)); see also *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); "Even one day's delay beyond the statutory 90–day period is fatal in the absence of a specified basis for equitable tolling (a very narrowly-defined possibility indeed)." *Wilson v. Doctors Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996).

Defendants argue that Plaintiff's complaint should be dismissed as untimely because it was filed on September 28, 2017—91 days after the date Plaintiff allegedly received the Notice, June 29, 2017. Plaintiff responds that, in fact, her former attorney received the Notice on July 6, 2017—not June 29, 2017. She attaches a letter from Gary Matroccio at Spielberger Law Group, dated December 27, 2017 and addressed "to whom it may concern," which explains: "This letter will confirm that our law firm received Keesha Smith's notice of right to sue on July 6, 2017. The notice of right to sue was 'issued' on June 29, 2017, but our firm did not receive the letter until July 6, 2017." [20] at 52. Defendants urge the Court to disregard this unauthenticated letter and hold Plaintiff to the complaint's allegation that Plaintiff received the Notice on June 29, 2017.

The Court will allow Plaintiff to file an amended complaint clarifying her allegations about when she received the Notice from the EEOC. It is true that in the original complaint—which uses the court-provided form for *pro se* employment discrimination complaints—Plaintiff indicates that the Notice "was received" on June 29, 2017. [9] at 3. However, the Notice is also *dated* June 29, 2017. The Court is skeptical that Plaintiff received the Notice in the mail on the same date that it was sent, and believes there is a possibility that Plaintiff erroneously listed the date on the Notice as the date of receipt when she filled out the form complaint. "The 90-day period of limitation set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received *either by the claimant or by the attorney representing him in the Title VII action.*" *Threadgill*, 269 F.3d at 850 (emphasis in original). Therefore, Plaintiff should state in her amended complaint who received the Notice (Plaintiff, her attorney, or both Plaintiff and her attorney) and when.

#### B. The Individual Defendants

Defendants argue that Lyons, Hernandez, and Calhoun should be dismissed to the extent that Plaintiff is suing them in their individual capacities, because Title VII does not provide for individual liability. Plaintiff does not dispute this argument. She recognizes that the Board "is the responsible liable party for the actions of the employees Calhoun and Lyons and [her] supervisor Hernandez" and "request[s] that the claim against the *** Board[] remain" in the case. [20] at 5. Defendants are correct that "there is no individual liability under Title VII." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017); see also *Aku v. Chicago Bd. of Ed.*, 290 F. Supp. 3d 852, 860 (N.D. Ill. 2017) ("Seventh Circuit law is clear that *** Title VII do[es] not provide for individual liability."). Therefore, Plaintiff's claims against

the individual Defendants are dismissed to the extent that Plaintiff intended to sue them in their individual capacities.

Defendants further argue that Lyons, Hernandez, and Calhoun should also be dismissed to the extent that they are being sued in their official capacities, because Plaintiff did not name or adequately allude to them in her Charge. Plaintiff does not respond to this argument directly, but simply "request[s] that the claim against [the] Board[] remain because [it was] listed in [her] Administrative Charge." [20] at 6. The Court finds it unnecessary to decide whether the Notice adequately alluded to the individual Defendants, because any claims against them would be redundant of Plaintiff's claims against the Board and subject to dismissal on that basis. See *Aku*, 290 F. Supp. 3d at 860. Plaintiff's claims against Lyons, Hernandez, and Calhoun are dismissed. To the extent that Plaintiff files an amended complaint, the Board should be named as the only Defendant.

## **CONCLUSION**

For these reasons, Defendants' motion to dismiss for failure to state a claim [16] is granted. Plaintiff is given until August 6, 2018 to file an amended complaint, to the extent she is able to do so consistent with this opinion.

Dated: July 6, 2018

Robert M. Dow, Jr.
United States District Judge